UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:12-cr-10206-RWZ |
| | ) |
| GLAXOSMITHKLINE LLC, | ) |
| | ) |
| Defendant. | ) |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, on July 2, 2012, the United States Attorney for the District of Massachusetts filed a three-count Information charging the defendant GlaxoSmithKline LLC (the "Defendant") with the following: Distribution of a Misbranded Drug: False and Misleading Labeling, in violation of 21 U.S.C. §§ 331(a), 333(a)(1), and 352(a) (Count One); Distribution of a Misbranded Drug: Inadequate Directions for Use, in violation of 21 U.S.C. §§ 331(a), 333(a)(1) and 352(f)(1) (Count Two); and Failure to Report Data to FDA, in violation of 21 U.S.C. §§ 331(e), 333(a)(1) and 355(k)(1) (Count Three);

WHEREAS, the Information also contained a Forfeiture Allegation, which provided notice that the United States would seek the forfeiture pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses charged in Counts One and Two of the Information, of any quantities of Paxil that between April 3, 1998 and the end of August 2003, and any quantities of Wellbutrin that between January 1999 and December 2003, were introduced into interstate commerce in violation of 21 U.S.C. §§ 331(a), 352(a) and 352(f)(1);

WHEREAS, the Forfeiture Allegation of the Information also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or

deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant, up to the value of the property subject to forfeiture, that is $43,185,600;

WHEREAS, on July 5, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to all counts of the Information, pursuant to a written plea agreement signed by the Defendant;

WHEREAS, in Section 10 of the plea agreement, the Defendant agreed to forfeit to the United States assets subject to forfeiture pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c) as a result of its guilty plea;

WHEREAS, the Defendant admitted in the plea agreement that the value of the quantities of Paxil and Wellbutrin that were misbranded and distributed in violation of 21 U.S.C. § 331 totaled at least $43,185,600 in United States currency;

WHEREAS, the Defendant also acknowledged and agreed that the quantities of Paxil and Wellbutrin that were misbranded and distributed in violation of 21 U.S.C. § 331 cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, the Defendant agreed that the United States is entitled to forfeit as "substitute assets" any other assets of the Defendant up to the value of the now missing directly forfeitable assets.

2

WHEREAS, the Defendant has agreed, in its written plea agreement, to the entry of an order of forfeiture in the amount of $43,185,600 in United States currency;

WHEREAS, the Defendant also agreed that, no later than one week after sentencing, it will remit the amount of $43,185,600 in United States currency to the United States Marshals Service, pursuant to wire instructions provided by the United States, and the Defendant and the United States agree that this payment shall satisfy any and all forfeiture obligations that the Defendant may have as a result of its guilty plea, and that this sum represents the value of the substitute assets forfeitable as a result of the offenses to which it is pleading guilty;

WHEREAS, the United States has filed an Assented to Motion for Order of Forfeiture (Money Judgment) which would consist of a personal money judgment in the amount of $43,185,600 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. A personal forfeiture money judgment is entered against the Defendant in the amount of $43,185,600 in United States currency in favor of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. §§ 334 and 853(p).

2. Upon payment by the Defendant of the $43,185,600 in United States currency to the government, all right, title and interest of the Defendant in the $43,185,600 in United States currency is forfeited to the United States.

3.      Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Order of Forfeiture shall become final as to the Defendant at sentencing and shall be made part of the sentence and included in the judgment.

4.      This Court shall retain jurisdiction to enforce this Order of Forfeiture, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

DONE AND ORDERED in Boston, Massachusetts, this 16th day of July, 2012.

_____
Rya W. Zobel
United States District Judge